Turley, J.
delivered the opinion of the court.
This is an action of trespass with force and arms, brought by Kincheon Matthews against Jesse W. Mosley, to recover damages for an assault and battery committed by the defendant upon him, by shooting him. To this action the defendant filed the plea of not guilty, upon which issue was taken; but at a subsequent term he obtained leave to withdraw this plea, and file a special plea of son assault demesne, to which the plaintiff specially replied, what in substance is the replication ude injuria sua pmpria absque tali causa’'’ — to this replication the defendant demurred.
The cause was continued from term to term, till May, 1836, when it was submitted to a jury in the circuit court of Coffee county, who were sworn to try the issues joined between the parties, and who returned a verdict, that they found the issues in favor of the plaintiff and assessed his damages to the sum of $300, upon which verdict the court gave judgment for the plaintiff, from which the defendant pro secuted an appeal to this court.
Can the judgment of the circuit court be sustained?
We think not — there is no issue for a jury to try. The *580 court therefore had no power to empannel a jury, and any judgment rendered upon their verdict is a nullity.
It is true, that this court has often said, that the want of a similiter will be aided after verdict, but to say, that the want of a plea or issue tendered would be aided by the verdict, would be, to go further than has ever been asked, or can, with a due regard to the preservation of forms of practice be reasonably expected.
But it is contended, that although we must reverse the judgment, yet we can, by virtue of the power given us to render such judgment as the court below ought to have rendered, now determine the question arising upon the demur-, ref, and give, final judgment between the parties.
We do not think so. Holding as we do, that the verdict of the jury, and judgment thereon, is a nullity, the case of course stands, as if no such step had been taken in it; and the demurrer not having been disposed of, there has been no final judgment in the court below, and the case, for this cause, must be remanded. But even supposing that the judgment of the circuit court could be considered as final, still no judgment could be given here, because no damages have been assessed, which can be recognized by the court as the basis of a judgment, there having been no jury legally impanneled by the court to ascertain the same.
We therefore remand the case to the circuit court of Coffee county, with instructions to determine the questions arising upon the demurrer to the replication; and if they shoud be decided in favor of the plaintiff, then to impannel a jury of inquiry to assess the damages, unless upon application amendments shall be allowed, by which an issue or issues of fact may be made up, upon the merits of the case.